IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

UNITED STATES OF AMERICA

v.  CRIMINAL ACTION NO. 3:08-00273

ALLEN MEADOR, II

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant's Motion (and corrected motion) to Suppress Evidence (Docs. 17 and 19). Therein, Defendant requests a *Franks* hearing based on the omission of evidence, which he contends would shed doubt on the veracity of a confidential informant and the sufficiency of information supporting a search warrant. Because the inclusion of the omitted information would not defeat probable cause, the Court **DENIES** Defendant's motion.

**Background**

On March 20, 2008, Sgt. Oglesby filed an affidavit in support of an application for a warrant to search Defendant, Allen Meador's, home. The affidavit contains the following information to support the issuance of the requested search warrant. First, an individual labeled CW #1 claimed he/she, along with another labeled CW #2, had purchased approximately $3,000 worth of cocaine base from Mr. Meador's residence (separately listed is the fact that CW #1 later identified Mr. Meador as the seller). Second, there were three anonymous tips concerning drug activity at Mr. Meador's residence and naming Mr. Meador as a drug dealer. Third, CW #2 participated in a video-recorded controlled buy, which resulted in 1.5 grams of cocaine; he/she also observed three firearms, additional cocaine and marijuana during the buy. Fourth, on the video-recording, Meador can be

seen reviewing a ledger and advising CW #2 that he/she owes Meador $3,000 for past purchases of controlled substances at Meador's residence. Based on this information the magistrate judge issued a search warrant. Upon executing the warrant, officers found significant quantities of drugs, $4,800 in cash, three weapons, and ledgers.

Defendant challenges the information contained in the affidavit supporting the search warrant because it did not include information regarding the veracity of confidential informants. It failed to state that after the buy Sgt. Oglesby declared that CW #2, the individual who conducted the controlled buy, was not credible and would not be used in future investigations. The source of this determination appears to be a side deal for Valium police discovered while viewing the recording of the buy. The informant did not disclose his/her purchase of Valium pills, and no such pills were found after the buy. Officers concluded the informant likely ingested them.

## Analysis

Because of information pertaining to CW #2's credibility (or lack there of), Defendant argues he is entitled to a hearing pursuant to the Supreme Court decision *Franks v. Delaware*. 438 U.S. 154 (1978). In *Franks*, the Court held that the veracity of a search warrant could be challenged under certain circumstances. *Id.* at 164. Because a search warrant issued by a magistrate carries a strong presumption of validity, a defendant is required to make certain preliminary showings before being entitled to an evidentiary hearing. *Id.* at 171. First, "[t]here must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof." Second, and in addition, the defendant must demonstrate that when the challenged material is set aside, there is insufficient content in the warrant affidavit to support a finding of probable cause. *Id.*

The Fourth Circuit Court of Appeals has clarified that a deliberate falsehood or reckless disregard for the truth can be present when an officer omits information, not just when an officer supplies false information. *U.S. v. Colkley* 899 F.2d 297 (1990). Retaining the second portion of the *Franks* test, however, " an omission must do more than potentially affect the probable cause determination. . . . Omitted material that is potentially relevant but not dispositive is not enough to warrant a *Franks* hearing ." *Id.* at 301.

In the present case, a *Franks* hearing is not warranted because the omitted material would not alter the probable cause determination. A probable cause analysis is based on the "totality of the circumstances" and a warrant may be issued if there is "fair probability that contraband or evidence of a crime will be found in a particular place." *U.S. v. Blackwood,* 913 F.2d 139, 142 (4th Cir. 1990). Although the affidavit did not contain information relevant to CW #2's veracity, it did include a description of independent police work. Specifically, officers conducted a controlled buy in which CW #2 wore a video recording device. Officers were able to review the video and independently corroborate details of the drug transaction. The recorded buy, which also produced corroboration of the claimed earlier purchases by the cooperating witness from the Defendant at his home, is not totally tainted by CW #2's unapproved side purchase. In its totality, the affidavit provides probable cause and the inclusion of CW #2's improper conduct would not defeat probable cause. *See U.S. v. Tate* 524 F.3d 449, 457 ("[T]o be material under *Franks,* an omission 'must be such that its inclusion in the affidavit would defeat probable cause'") (quoting *Colkley* 899 F.2d at 301); *U.S. v. Lavern* 1996 U.S. App. Lexis 27949 (4th Cir. 1996) (holding that probable cause existed based on a controlled drug transaction, even when an affidavit did not establish an

informant's credibility). Defendant has failed to make a preliminary showing sufficient to warrant a *Franks* hearing. As such, the Court **DENIES** his motions.

## Conclusion

Defendant has failed to show that information omitted from the affidavit submitted in support of an application for search warrant would be dispositive in the analysis of probable cause. Consequently, the Court **DENIES** Defendant's Motion to Suppress Evidence (Doc. 17) and Defendant's Corrected Motion to Suppress Evidence (Doc. 19). The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: March 4, 2009

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE